IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY YOUNG and TIMOTHY G.
GAUTHIER, Trustees who comprise the
OREGON AND SOUTHWEST WASHINGTON
NECA-IBEW ELECTRICAL WORKERS
AUDIT COMMITTEE

No. 3:14-cv-00729-HZ

OPINION & ORDER

          Plaintiffs,

   v.

SUNDOWN ELECTRIC COMPANY,

          Defendant.

Linda J. Larkin
Bennett Hartman Morris & Kaplan LLP
210 SW Morrison St, Ste 500
Portland, OR 97204

   Attorney for Plaintiffs

/ / /
/ / /
/ / /
/ / /

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiffs Gary Young and Timothy Gauthier, as trustees of the Oregon and Southwest Washington NECA-IBEW Electrical Workers Audit Committee, move for entry of default judgment [8] against Defendant Sundown Electric Company. Based on the following, I grant the motion in part and award attorney fees and costs. I reserve ruling on the other requested sums due to the lack of supporting documentation.

## BACKGROUND

Plaintiffs bring this action under the Employee Retirement Income Security Act ("ERISA"). In claim one for violation of ERISA, as authorized under the Collective Bargaining Agreement and Trust Agreements, Plaintiffs seek $18,205.62 in unpaid contributions for the month of March 2014, liquidated damages, and reasonable attorney fees and costs. Compl. ¶¶ 20-22. In claim two for breach of contract, Plaintiffs seek $2,236.43 in wages withheld and sums due for the Political Action Committee, union dues, working dues, vacation funds, and Administrative Funds for the month of March 2014. Id. at ¶ 31. Additionally, Plaintiffs claim $1,889.85 in liquidated damages, interest, and reasonable attorney fees and costs related to the ERISA violation; and the statutory 9% annual interest under ORS § 82.010 on the sums due for breach of contract. Id. at ¶¶ 21, 32.

## STANDARDS

Rule 55(a) requires the Clerk of the Court to enter an order of default if a party has failed to timely plead or otherwise defend. "[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); SEC v. Wencke, 577 F.2d 619, 622 (9th Cir. 1977) (without an answer in the record, every well-pleaded allegation in the complaint is deemed

admitted). As to whether to enter a default judgment, the court has discretion. DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 852 (9th Cir. 2007). In exercising its discretion, the court may consider

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "[D]efault judgments are ordinarily disfavored." Id. at 1472.

## DISCUSSION

This case was filed on May 1, 2014. Defendant was served on May 7, 2014. Affidavit of Service [4]. Plaintiffs' moved for entry of default, which was entered on August 5, 2014. Clerk's Entry of Default [7]. Before me is Plaintiffs' motion for entry of default judgment. I have considered the seven factors and find that entry of default judgment is warranted, but as explained below, I grant the motion in part with respect to the attorney fees and costs, and reserve ruling on the other requested sums due to the lack of documentation.

I.      ERISA Claim

Under the ERISA claim, Plaintiffs initially sought $18,205.62 in unpaid contributions for the month of March 2014. However, in the motion for entry of default judgment, Plaintiffs now allege $15,418.65 in unpaid contributions, $1,992.81 in liquidated damages, and $44.87 in interest. Larkin Decl. ¶ 6. Plaintiffs no longer seek the $15,418.65 in unpaid contributions because Defendant paid the amount on May 8, 2014, leaving the liquidated damages and interest at issue. Id.

According to the Collective Bargaining Agreement, contributions are due on the 15th day of each month, and considered delinquent if an employer fails to pay by the 20th of every month. Id. at Ex. 2 at 11, Section 13.02.  An employer who is delinquent in the payment of contributions is liable for liquidated damages.  Id. at Section 13.03.  Liquidated damages "shall be charged at the rate of twelve percent (12%) per year of the delinquent contributions from the first day of the month following the month in which they are due until paid."  Id.

Here, Defendant failed to pay the contributions for March 2014, which were due on April 15th and considered delinquent on April 20th.  Larkin Decl. ¶ 6.  Defendant paid the contributions on May 8, 2014.  Id.  Therefore, under Section 13.03 of the Collective Bargaining Agreement, Plaintiff is entitled to liquidated damages from May 1, 2014, the first day of the month following the month in which the contributions were due, until May 8, 2014.  To support the requested sums, Plaintiffs attach a spreadsheet, but provide no explanation of how any of the requested sums were calculated.  Larkin Decl. Ex. 3.  It is not apparent from the spreadsheet how Plaintiffs calculated the $15,418.65 in unpaid contributions, the $1,992.81 in liquidated damages, or the $44.87 in interest.  Moreover, I cannot find a basis in the Collective Bargaining Agreement for awarding interest.  I decline to award Plaintiffs $1,992.81 in liquidated damages and the $44.87 in interest.

II.     Breach of Contract Claim

For damages related to breach of contract, Plaintiffs sought $2,236.43 and 9% in interest for the March 2014 wages withheld and sums due for various funds.  Defendant paid the principal amount owed ($2,236.43) on May 8, 2014, but not the interest.  Larkin Decl. ¶ 6. Plaintiffs now seek only $5.51 in interest for its breach of contract claim.  Again, Plaintiffs' request is unsupported by appropriate documentation.  The principal amount of $2,236.43

4 - OPINION & ORDER

appears nowhere on the spreadsheet and there is no explanation of how the interest of $5.51 is calculated.  Larkin Decl. Ex. 3.  Additionally, the Collective Bargaining Agreement states that employers are liable for the delinquent amounts, "plus interest at the statutory rate, and…reasonable attorney fees for any action brought to recover the amount of said benefits."  Id. at Ex. 2 at 12, Section 13.05.  Plaintiffs cite to ORS § 82.010 to support the requested 9% interest rate, which is the statutory interest rate under Oregon law.  However, in federal court, the post-judgment interest rate is governed by 28 U.S.C. § 1961; and under Local Rule 1055, the prejudgment interest rate is computed at the rate authorized in 28 U.S.C. § 1961.  I decline to award Plaintiffs $5.51 in interest.

III.    Attorney Fees and Costs

Plaintiffs seek $3,990 in attorney fees and $469.69 in costs.  Larkin Decl. ¶¶ 7-8. Defendant is liable for reasonable attorney fees and costs to enforce the Collective Bargaining Agreement.  Id. at Ex. 2 at 11-12, Sections 13.02, 13.05.  Of the $3,990 in attorney fees, Plaintiffs request $3,249 for the work of attorney Linda Larkin and $741 for the work of legal assistant Amy Mathis.  Id. at Ex. 4.  Larkin spent 17.1 hours at the rate of $190 per hour on this case.  Id. at ¶ 7; Ex. 4 at 2-3.  I have reviewed Larkin's entries and find them reasonable.

Mathis spent 7.8 hours at the rate of $95 per hour on this case.  I have reviewed Mathis' entries and find that all of her work was clerical in nature.  Id. Ex. 4 at 1.  Clerical tasks are not properly billed as attorney fees but are overhead expenses absorbed by counsel.  E.g., Bakewell v. Astrue, 3:10-cv-01525-JE, 2013 U.S. Dist. LEXIS 34245, at *8-9 (D. Or. Jan. 9, 2013) ("costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable") (citing Missouri v. Jenkins, 491 U.S. 274, 288 n. 10 (1989); Frevach Land Co. v. Multnomah Cnty., No. 3:99-cv-01295-HU,

5 - OPINION & ORDER

2001 U.S. Dist. LEXIS 22255, at *36-37 (D. Or. Dec. 18, 2001). "Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." Sterling Sav. Bank, 2010 U.S. Dist. LEXIS 82039, at *19-20; see also Frevach, 2001 U.S. Dist. LEXIS 22255, at *36-37 (tasks such as proofreading, indexing, or assembling documents are not compensable because they are overhead and thus already "reflected in the hourly billing rate."). Therefore, I decline to award any attorney fees for Mathis.

Finally, Plaintiffs seek $469.69 in costs, consisting of a $400 filing fee, $45 service fee, $4.69 in legal research fees, and $20 in copying and printing costs. Larkin Decl. ¶ 8. I find that all of these costs are taxable under 28 U.S.C. § 1920.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion for entry of default judgment [8] is granted in part for the attorney fees and costs; and ruling is reserved on the remaining requests. Plaintiffs are awarded $3,718.69, consisting of $3,249 in attorney fees and $469.69 in costs. I reserve ruling on Plaintiffs' request for liquidated damages and interest due to the lack of supporting documentation.

/ / /

/ / /

/ / /

/ / /

If Plaintiffs wish to supplement the record with additional documentation, they must do so within 14 days of this order. Otherwise, a judgment in the amount of $3,718.69 will be entered.

IT IS SO ORDERED.

Dated this 16 day of September, 2014.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge